IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC, ) | | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-306 (LPS) |
| | ) | |
| HEWLETT-PACKARD COMPANY, AND | ) | |
| HEWLETT-PACKARD DEVELOPMENT | ) | |
| COMPANY, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS ALLEGATIONS OF WILLFUL INFRINGEMENT AND
## INDIRECT INFRINGEMENT

OF COUNSEL:

Mark D. Flanagan
Mark D. Selwyn
Evelyn C. Mak
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000


Dated: April 19, 2013

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Defendants Hewlett-Packard
Company and Hewlett-Packard Development
Company, L.P.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORIRTIES ............................................................................. ii

I.      NATURE AND STAGE OF THE PROCEEDINGS .......................................... 1

II.     SUMMARY OF ARGUMENT ..................................................................... 1

III.    STATEMENT OF FACTS .......................................................................... 2

IV.     ARGUMENT ............................................................................................ 3

        A.    LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO
              DISMISS ......................................................................................... 3

              1.    Rule 8(a)(2) ........................................................................... 3

              2.    Two-Part Analysis ................................................................ 3

        B.    MAZ FAILS TO STATE A CLAIM FOR WILLFUL
              INFRINGEMENT ............................................................................. 4

        C.    MAZ FAILS TO STATE A CLAIM FOR INDIRECT
              INFRINGEMENT ............................................................................. 6

              1.    The Complaint Fails to Identify a Direct Infringer. ........... 6

              2.    The Complaint Fails to State a Claim for Induced
                    Infringement. ......................................................................... 7

              3.    The Complaint Fails to State a Claim for Contributory
                    Infringement. ......................................................................... 9

V.      CONCLUSION ......................................................................................... 10

RLF1 8506904v.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
  C.A. 11-967-SLR, 2012 WL 4470386 (D. Del. Mar. 28, 2012)...........................................5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................1, 3, 8, 9

*Circuit City Stores v. Citgo Petroleum Corp.*,
  No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994).......................................2

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006)...........................................................................7, 8

*E.I. Du Pont De Nemours & Co. v. Heraeus Holding GmbH*,
  C.A. 11-773-SLR-CJB, 2012 WL 4511258 (D. Del. Sept. 28, 2012) .......................8

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
  C.A. No. 12-540-LPS, 2013 WL 1309413 (D. Del. Mar. 29, 2013) ...........3, 4, 7, 8

*Godlewski v. Affiliated Computer Servs., Inc.*,
  210 F.R.D. 571 (E.D. Va. 2002) ...........................................................................2

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 831 (Fed. Cir. 2010)..............................................................................6

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
  434 F. Supp. 2d 598 (N.D. Iowa 2006)................................................................2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)............................................................................7

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007)............................................................................4

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  C.A. 11-798-LPS, 2012 WL 4340653 (D. Del. Sept. 20, 2012)...........................5, 8

*Pragmatus AV, LLC v. TangoMe, Inc.*,
  C.A. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013)...............................8

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
　　C.A. No. 12-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012)................................6

*Softview LLC v. Apple Inc.*,
　　C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .....................................4, 5

*Stephenson v. Game Show Network, LLC*,
　　C.A. 12-614-SLR, 2013 WL 1226915 (D. Del. Mar. 27, 2013)............................................6, 9

*T5 Labs (Delaware) LLC v. Gaikai Inc.*,
　　C.A. No. 12-1281-SLR-MPT, 2013 WL 1400983 (D. Del. Apr. 5, 2013).........................7, 8 9

**STATUTES**

35 U.S.C. § 271(c) .................................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8.................................................................................................3, 6

Fed. R. Civ. P. 8(a)(2)........................................................................................1, 3

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 3

Fed. R. Civ. P. 12(b) ..............................................................................................2

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On February 22, 2013, MAZ Encryption Technologies LLC ("MAZ") filed a complaint against Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (collectively, "HP") for alleged infringement of U.S. Patent Nos. 6,185,681 ("'681 Patent") and 8,359,476 ("'476 Patent"). In its Complaint, MAZ pleads its willful infringement and indirect infringement claims in a wholly conclusory and threadbare manner. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, HP moves to dismiss all claims of alleged willful infringement and indirect infringement for failure to state a claim upon which relief can be granted.

## II.    SUMMARY OF ARGUMENT

MAZ's allegations of willful infringement and indirect infringement do not satisfy the basic pleading standards of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because they fail to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. MAZ fails to state a claim for willful infringement because it has not alleged that HP had any pre-suit knowledge of the patents-in-suit. Regarding its indirect infringement claim, MAZ fails even to specify whether it alleges contributory infringement, induced infringement, or both. As to contributory infringement, MAZ sets forth no allegation, much less facts, that HP knew that a combination for which its component was especially designed was both patented and infringing or that its component has no substantial non-infringing uses. As to induced infringement, MAZ sets forth no allegation, much less facts, that HP specifically intended its customers to infringe the patents-in-suit and knew that its customers' acts constituted infringement. And as to both contributory and induced infringement,

- 1 -

MAZ fails to identify any alleged third-party direct infringer. Accordingly, all willful infringement and indirect infringement claims should be dismissed.[1]

## III.   **STATEMENT OF FACTS**

MAZ does not allege that HP had any knowledge of the patents-in-suit, or of its alleged infringement, before service of the Complaint. Nevertheless, MAZ purports to "reserve[] the right" to request a finding of willfulness at trial:

> To the extent that facts learned in discovery show that Defendants' infringement of the [patent-in-suit] is or has been willful, MAZ reserves the right to request such a finding at the time of trial.

(Compl. ¶¶ 12, 19.) Regarding indirect infringement, MAZ merely alleges:

> Defendants have been and now are directly and/or indirectly infringing the [patents-in-suit], in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling [types of accused products].

(*Id.* at ¶¶ 9, 16.)

---

[1]   A motion to dismiss that addresses part of a complaint suspends the time for defendants to answer or otherwise respond to the remaining allegations in the complaint. *See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

IV.    **ARGUMENT**

A.    **LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS**

1.    Rule 8(a)(2)

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces ... demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).

2.    Two-Part Analysis

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts in this District conduct a two-part analysis. *See Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, C.A. No. 12-540-LPS, 2013 WL 1309413, at *1 (D. Del. Mar. 29, 2013). First, "courts separate the factual and legal elements of a claim, accepting all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* (citations and internal quotation marks omitted). "However, the Court is not obligated to accept as true 'bald assertions.'" *Id.* (citation and internal quotation marks omitted).

The second part of the analysis of a 12(b)(6) motion to dismiss requires a court to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

- 3 -

678 (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## B.   MAZ FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

MAZ fails to allege, or support, any claim for willful infringement against HP.   Rather, MAZ merely attempts to reserve its rights to seek a finding of willfulness sometime in the future (D.I. 1 at ¶¶ 12, 19.)   Neither of the relevant specific paragraphs, nor the remainder of the Complaint, alleges, in words or substance, "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" or that "this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer," the two prongs required for a showing of willful infringement.   *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

MAZ fails to state a claim for willful infringement because it has not alleged that HP had any pre-suit knowledge of the patents-in-suit, nor alleged other elements required for a claim of willful infringement.   As this Court has explained, failure to plead pre-suit knowledge of the patent-in-suit is fatal to a claim of willful infringement.   *See Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *8 (D. Del. July 26, 2012) ("fail[ure] to plausibly allege pre-suit knowledge of the patent[]-in-suit ... leads to the conclusion that [plaintiff's] willful infringement allegations ... should be dismissed"); *see also Fairchild Semiconductor*, 2013 WL 1309413, at *5 ("To state a claim for willful infringement, a patent holder must plead, among other things, that the infringer had knowledge of the patent and of his infringement." (citation and internal quotation marks omitted)).   Moreover, MAZ fails to allege any relevant pre-litigation conduct.   *See Seagate*, 497 F.3d at 1371, 1374 ("[A] willfulness claim asserted in the

original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also Softview*, 2012 WL 3061027, at *8 ("*Seagate* implies that willful infringement allegations based only on post-filing conduct are inadequate.").

Here, MAZ makes no allegations that HP had any pre-suit knowledge of the patents-in-suit, or that even imply any pre-suit knowledge. MAZ's attempt to reserve its rights shows that it "does not have a good faith basis to assert that [defendant] knew about ... the patent[]-in-suit prior to the commencement of ... litigation." *Aeritas, LLC v. Alaska Air Grp., Inc.*, C.A. 11-967-SLR, 2012 WL 4470386, at *3 (D. Del. Mar. 28, 2012). Indeed, courts in this District have dismissed willful infringement allegations where the plaintiff had attempted to reserve its right to assert willful infringement, including through a request for enhanced damages in the prayer for relief. *Id.* at *3-4 (granting motion to dismiss where plaintiff reserved right to request willfulness finding at trial).

Even if MAZ had alleged any facts from which the Court could infer pre-suit knowledge of the patents-in-suit, which it has not, MAZ's allegations would be insufficient to state a claim for willful infringement because "the burden to prove willful infringement includes more than mere knowledge of the patent." *Id.* at *8. The Complaint does not and cannot allege that HP "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," or that it "knew or should have known that [its] actions constituted infringement of a valid patent." *MONEC Holding AG v. Motorola Mobility, Inc.*, C.A. 11-798-LPS, 2012 WL 4340653, at *10 (D. Del. Sept. 20, 2012) (citation and internal quotation marks omitted). The Court, therefore, should dismiss with prejudice MAZ's attempt to reserve its right to assert willful infringement pending discovery of facts supporting its premature allegation. *Aeritas*,

2012 WL 4470386, at *3-4 (granting motion to dismiss where plaintiff reserved right to request willfulness finding at trial).

### C.   MAZ FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT

In its Complaint, MAZ alleges that HP indirectly infringes both of the asserted patents, but sets forth absolutely no facts showing how HP is doing so.   MAZ states only that "Defendants have been and now are directly and/or indirectly infringing the [patents-in-suit]." (*See* D.I. 1 ¶¶ 9, 16.)   This bald allegation is insufficient to support a claim for indirect infringement of the patents-in-suit because it "suffer[s] from the bare bones nature of the complaint.   Some facts would put some flesh on the bones, and might, or might not, make the allegation[] plausible.   Until such facts are pled, however, the complaint fails to state a claim for indirect infringement." *Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing claims of indirect infringement).

In particular, the Complaint: (1) fails to identify any alleged third-party direct infringers; (2) fails to allege any facts plausibly suggesting HP's affirmative intent to induce third party infringement; and (3) fails to allege any facts to support any of the requirements for contributory infringement.   MAZ attempts to engage in the "circular logic that because defendants have directly infringed [a patent], they must be inducing and contributing to the infringement of [that patent].   This is insufficient to meet the Rule 8 standard, as it does not provide notice of the induced acts which allegedly constitute patent infringement." *Stephenson v. Game Show Network, LLC*, C.A. 12-614-SLR, 2013 WL 1226915, at *7 (D. Del. Mar. 27, 2013).

1.   The Complaint Fails to Identify a Direct Infringer.

Indirect infringement—either induced or contributory—requires direct infringement by *another* entity. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010).

- 6 -

MAZ's Complaint *does not even mention a party other than HP*, let alone contain facts plausibly demonstrating the existence of direct infringement by a third party. To adequately plead indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Here, MAZ fails to plead that a direct infringer exists (in the context of its claim that HP is an indirect infringer), so its claim for indirect infringement should be dismissed.

      2.      The Complaint Fails to State a Claim for Induced Infringement.

"To determine whether inducement was properly pled, the court must analyze whether [the plaintiff] has made a plausible showing [that the defendant] specifically intended to encourage others to infringe, knowing their conduct to be infringement." *T5 Labs (Delaware) LLC v. Gaikai Inc.*, C.A. No. 12-1281-SLR-MPT, 2013 WL 1400983, at *5 (D. Del. Apr. 5, 2013). "Therefore, to survive a motion to dismiss, a patentee must plead facts plausibly showing that the alleged infringer 'specifically intended' its customers to infringe the patents-in-suit and 'knew that the customer's acts constituted infringement.'" *Fairchild Semiconductor*, 2013 WL 1309413, at *3 (quoting *In re Bill of Lading*, 681 F.3d at 1339). "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

MAZ's Complaint neither meets the knowledge nor specific intent elements of induced infringement.[2] The Complaint is devoid of allegations that HP had knowledge of the patents-in-

---

[2]      HP recognizes that the Court has previously held that service of a complaint can provide sufficient notice of, and therefore knowledge of, an indirect infringement claim *limited to*
(Continued . . .)

suit before the filing of the Complaint. Nor does the Complaint plead *any* facts suggesting that HP had "an affirmative intent to cause direct infringement." *DSU Med.*, 471 F.3d at 1306. "A court must apply *Twombly* and *Iqbal* in determining whether the requisite knowledge and specific intent have been properly pled." *T5 Labs (Delaware)*, 2013 WL 1400983, at *3. Therefore, the allegations in MAZ's Complaint fail to rise to the level of specificity needed to state a claim for induced infringement.

Courts in this District have frequently dismissed induced infringement claims where defendants have failed to plead the requisite specific intent. In *MONEC*, for example, the court held that indirect infringement claimed from a defendant's "conduct in selling, advertising, supplying and instructing its respective customers on the use of the infringing product" are "conclusory averments [that] contain no factual support to establish the requisite 'intent.'" 2012 WL 4340653, at *8. Here, MAZ does not make any allegations to "demonstrate that [HP] ... possessed the specific intent to encourage another's infringement." *See id. See also Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. 11-1092-LPS, 2013 WL 571798, at *12 (D. Del. Feb. 13, 2013) (granting defendant's motion to dismiss with respect to allegations of induced infringement where the allegations contained no factual assertions regarding defendant's specific intent to induce and encourage infringement); *E.I. Du Pont De Nemours & Co. v. Heraeus Holding GmbH*, C.A. 11-773-SLR-CJB, 2012 WL 4511258, at *6-7 (D. Del. Sept. 28, 2012) (dismissing

---

(. . . continued)

post-filing conduct. See Fairchild Semiconductor, 2013 WL 1309413, at *3-4. However, MAZ's complaint is too deficient even to provide HP with post-filing notice of how it indirectly infringes the patents-in-suit and, second, even if the Complaint is construed to provide sufficient knowledge of post-filing conduct, MAZ's claim must be dismissed for *pre-filing conduct* on the knowledge prong, and dismissed in its entirety for both pre- and post-filing conduct on the specific intent prong.

inducement claims where "[t]here are no factual allegations that might support the allegation that Defendants had a specific intent to induce infringement (or otherwise knew that their customers' acts constituted infringement)—no factual allegations, for example, about the nature of the relationship between Defendants and their customers, nor about how the sale of Defendants' products relates to the patented method").

3.    The Complaint Fails to State a Claim for Contributory Infringement.

To prove contributory infringement under 35 U.S.C. § 271(c), the plaintiff must demonstrate that the defendant has sold, offered to sell, or imported into the United States a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." "A plaintiff, therefore, must aver an alleged infringer (1) offered to sell, sells, or imports, (2) a material part of an patented invention, (3) knew of the patented invention, (4) knew the part was made for, or adapted to use, in a patented invention, and (5) the part has no substantial noninfringing use." *T5 Labs (Delaware)*, 2013 WL 1400983, at *3. "With respect to elements (3) and (4), the pleading may use the same knowledge for contributory infringement as under inducement, because the knowledge for inducement is the same knowledge for contributory infringement." *Id.* at *8. A court "must apply *Twombly* and *Iqbal* to determine whether sufficient facts have been alleged to make a plausible claim for contributory infringement." *Id.* at *7.

MAZ "does not offer any argument or facts directed to show that defendants knew that the combination for which its component was especially designed was both patented and infringing or that the components have no substantial non-infringing uses. Indeed, plaintiff's brief does not discuss contributory infringement." *Stephenson*, 2013 WL 1226915, at *7

- 9 -

(citation and internal quotation marks omitted).  Consequently, as in *Stephenson*, MAZ fails to adequately plead claims of contributory infringement of the patents-in-suit and its claims should be dismissed.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, HP respectfully requests that the Court grant its motion to dismiss with prejudice MAZ's allegations of (1) willful infringement and (2) indirect infringement.

OF COUNSEL:

Mark D. Flanagan
Mark D. Selwyn
Evelyn C. Mak
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 858-6000


Dated: April 19, 2013

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Defendants Hewlett-Packard Company and Hewlett-Packard Development Company, L.P.*

- 10 -

RLF1 8506904v.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2013, I caused to be served by electronic mail copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Alexander C.D. Giza
Marc A. Fenster
Jay Chung
Russ, August & Kabat
12424 Wilshire Blvd., 20th Floor
Los Angeles, CA  90025
agiza@raklaw.com
mfenster@raklaw.com
jchung@raklaw.com

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com